Justin S. Hepworth, Esq.
Nevada Bar No. 10080
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702.805.0290
Facsimile:  702.805.0291
Email: jhepworth@efstriallaw.com

*Attorneys for Plaintiff Atlantic Specialty*
*Insurance Company*

# UNITED STATES DISTRICT COURT

## LAS VEGAS, NEVADA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, a foreign company,<br><br>                    Plaintiff,<br><br>vs.<br><br>GLOBAL PANDA ENTERTAINMENT, LLC, a domestic limited liability company,<br>                    Defendant. | Case No. 2:21-cv-1033<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

        Plaintiff Atlantic Specialty Insurance Company ("Atlantic Specialty") files this Complaint for Declaratory Relief ("Complaint") and alleges as follows:

## PARTIES

        1.      Atlantic Specialty is a New York corporation with its principal place of business in Plymouth, Minnesota.  Atlantic Specialty is a national insurance company licensed to conduct business in Nevada.

        2.      Upon information and belief, Defendant Global Panda Entertainment LLC ("Global Panda") is a revoked Nevada limited liability company that was previously licensed to conduct business in Las Vegas, Nevada.

/ / /

/ / /

Evans Fears & Schuttert LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

4.     This action is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

5.     Venue is proper in the United States District Court for District of Nevada pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6.     On or about June 8, 2016, Christopher Scott Sykes ("Claimant") filed an Amended Complaint and Demand for Jury Trial ("Underlying Complaint") against Global Panda and others. A copy of the Underlying Complaint is attached as **Exhibit 1**.

7.     The Underlying Complaint generally alleges the following:

    a.     On or about July 1, 2014, Claimant was attending a Global Panda show when he was struck in his forehead by an unknown object.

    b.     As a result of being struck in the head by this unknown object, Claimant has suffered serious injuries.

8.     The Underlying Complaint asserts causes of action against Global Panda and others for (1) Negligence – Premises Liability; (2) Vicarious Liability / Respondeat Superior; and (3) Negligent Hiring, Training, Retention, and Supervision.

9.     Global Panda tendered the Underlying Complaint to Atlantic Specialty for defense and indemnification (the "Claim") under Commercial General Liability Policy No. 710034033001 ("Policy") issued to named insured Global Panda with effective dates of March 15, 2014, to March 15, 2015.  A copy of the Policy is attached as **Exhibit 2**.

10.     Subject to its terms, conditions, limitations and exclusions, the Policy provides bodily injury and property damage liability coverage.

11.     Subject to the Policy's terms, conditions, limitations and exclusions, Atlantic Specialty accepted coverage for the Claim up to the liability limits and hired counsel to defend Global Panda against the claims asserted in the Underlying Complaint.

12.     The Policy contains the following provision which required Global Panda to cooperate in the investigation, settlement or defense against the Underlying Complaint:

**SECTION IV—Commercial General Liability Conditions**

2.   Duties In The Event of an Occurrence, Offense, Claim or Suit

\*          \*          \*

c.   You and any other involved insured must:

\*          \*          \*

(3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit";

13.     The duty to cooperate as set forth in the Policy is a condition of coverage.

14.     Global Panda has failed and/or refused to comply with its duty under the Policy to cooperate in the investigation, settlement or defense against the Underlying Complaint as evidenced by (but not limited to) the following:

a.      Failing and/or refusing to provide Atlantic Specialty or retained counsel with an appropriate point of contact for Global Panda;

b.      Failing and/or refusing to communicate with Atlantic Specialty or retained counsel in connection with the Claim and the defense against the Underlying Complaint;

c.      Failing and/or refusing to assist Atlantic Specialty or retained counsel with the preparation of responses to written discovery requests directed to Global Panda; and

d.      Failing and/or refusing to make available witnesses for deposition.

15.     The Nevada Supreme Court has held that there is evidence in the underlying litigation that Global Panda was not participating in its own defense:

Third, the district court found that Atlantic [Specialty] failed to present evidence showing that Global Panda was not participating

in its own defense. ***This finding was contrary to evidence in the record because affidavits show that Global Panda was not participating in its own defense***. . . .

*Atlantic Specialty Ins. Co. v. The Eighth Judicial Dist. Ct.*, Case No. 81418, Order Granting Petition (Nev. Sup. Ct. Mar. 26, 2021) attached as **Exhibit 3**.

16.     Global Panda's failure and/or refusal to comply with its duty to cooperate has substantially prejudiced Atlantic Specialty's rights under the Policy including (but not limited to) the right to control the defense against the Underlying Complaint and to assert relevant defenses with respect to liability and damages.

17.     Because of Global Panda's failure and/or refusal to comply with its duty to cooperate under the Policy, Atlantic Specialty is entitled to disclaim coverage for the Claim made by Global Panda in connection with the Underlying Complaint.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

18.     Atlantic Specialty incorporates by this reference each and every preceding allegation as if fully set forth herein.

19.     An actual and justiciable controversy exists between Atlantic Specialty and Global Panda concerning the parties' rights and obligations under the Policy with respect to the Claim and the Underlying Complaint

20.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist pursuant to the Policy.

21.     Specifically, Atlantic Specialty seeks a declaratory judgment that there is no coverage afforded for the Claim or duty to defend against the Underlying Complaint given Global Panda's failure to satisfy its duty to cooperate under the Policy.

22.     Atlantic Specialty is entitled to a declaration that it no longer owes to Global Panda any obligations (including the duty to defend or the duty to indemnify) under the Policy with respect to the Claim and the allegations in the Underlying Complaint.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE Atlantic Specialty prays for judgment against Global Panda as follows:

1.      That Atlantic Specialty is not obligated under the Policy to defend or indemnify Global Specialty against the Claim asserted in the Underlying Complaint.

2.      That Atlantic Specialty be awarded its attorneys' fees and costs incurred in this action; and

3.      That Atlantic Specialty be awarded such other and further relief as the Court may deem just and proper.

DATED this 1st day of June, 2021.

EVANS FEARS & SCHUTTERT LLP

*/s/ Justin S. Hepworth*
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jhepworth@efstriallaw.com

*Attorneys for Plaintiff*
*Atlantic Specialty Insurance Company*