UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL PANDA ENTERTAINMENT, LLC,<br><br>    Defendant. | Case No. 2:21-cv-01033-GMN-NJK<br><br>**REPORT & RECOMMENDATION**<br><br>[Docket No. 25] |

Pending before the Court is Plaintiff's motion for entry of default judgment. Docket No. 25. The motion is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for default judgment be granted.

I. **Background**

This case arises out of another lawsuit relating to an incident at a live entertainment show operated by Defendant Global Panda on July 1, 2014. Docket No. 1-2 at 2-3. On that date, an attendee at the show, Christopher Scott Sykes, alleges he was hurt by an unknown object falling off the performance stage and striking him in the head. *Id.* at 4-5; *see also* Docket No. 25 at 3. Following the incident, Sykes commenced litigation against Defendant. *Id.* Per the terms of Defendant's existing insurance policy with Plaintiff, Plaintiff "accepted coverage" for Sykes' claim and "hired counsel to defend Global Panda against [his] claims." Docket No. 1 at 3.

The policy at issue required Global Panda to cooperate with Plaintiff in the investigation or settlement of any claims Plaintiff was bound to cover under the insurance policy. This requirement applies to the defense of any suits Plaintiff was bound to assist in defending under the insurance policy. *See* Docket No. 1-3. Since Plaintiff undertook the litigation on Defendant's behalf,

Defendant has not only failed to comply with the policy terms but has also refused to comply when directly asked by Plaintiff.[1]  Plaintiff alleges that this behavior excuses it from its obligations to Defendant under the terms of the policy.  Docket No. 1 at 5.

Plaintiff filed the instant action for declaratory relief on June 6, 2021.  Docket No. 1.  After effectuating service and waiting the 21-day period required by the Federal Rules of Civil Procedure without any action or responsive pleading by Defendant, Plaintiff sought an entry of default.  Docket No. 23.  Following the Clerk's entry of default on August 17, 2021, Docket No. 24, Plaintiff filed the instant motion for entry of default judgment on August 18, 2021.  Docket No. 25.

## II.     The Court's Jurisdiction

"When entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999).  To ensure that any entered default judgment will not later be attacked as void, the Court must "determine whether it has the power . . . to enter the judgment in the first place." *Id.*  Here, both subject matter jurisdiction and personal jurisdiction are satisfied.

Plaintiff files its underlying complaint pursuant to the Court's diversity jurisdiction, set forth in 28 U.S.C. § 1332.  To satisfy diversity jurisdiction, a plaintiff must establish that the parties are completely diverse from one another and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Plaintiff is "a New York corporation with its principal place of business in Plymouth, Minnesota."  Docket No. 27 at 1.  Defendant is "a revoked Nevada limited liability company." *Id.*  Since Plaintiff and Defendant are citizens of different states, the complete diversity requirement is satisfied.

---

[1] The Court is not only required to take this factual allegation as true after the entry of default, *see TeleVideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917-18 (9th Cir. 1987) (per curiam), but this fact was explicitly found by the Nevada Supreme Court in the underlying litigation.  Docket No. 1-3; *Atlantic Specialty Co. v. The Eighth Judicial Dist. Ct.*, Case No. 81418 (Nev. Sup. Ct. Mar. 26, 2021).

2

In its complaint, Plaintiff seeks only declaratory relief from the Court and no monetary damages. In the underlying litigation, damages were initially plead at $30,000. *See* Docket No. 1-2. On August 27, 2021, this Court ordered Plaintiff to show cause that the jurisdictional amount in controversy is satisfied. Docket No. 26. In their response, Plaintiff alleges that the amount in controversy exceeds $75,000 because, under the policy in question, Plaintiff is bound to indemnify Defendant for up to $1,000,000 in insurance coverage and due to Defendant's nonparticipation in the underlying litigation, Plaintiff might be liable for a substantially greater sum of money to Sykes.[2] *See* Docket No. 27. The Court finds that Plaintiff has shown appropriate cause that the jurisdictional amount is satisfied in this case. Because the amount in controversy is satisfied, the Court finds that the Court has subject matter jurisdiction over this matter pursuant to the Court's diversity jurisdiction. The Court's order to show cause is therefore **DISCHARGED**. Docket No. 26.

The Court's personal jurisdiction over a defendant is generally a waivable defense that the Court does not raise *sua sponte*. *See* Fed. R. Civ. P. 12(h)(1). Nonetheless, "[w]hen entry of default judgment is sought against a party that has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, after giving Plaintiff notice and an opportunity to assert jurisdictional facts, the Court may dismiss an action for lack of personal jurisdiction. *See id.* at 712–13.

Plaintiff bears the burden of showing that Defendant is subject to the forum court's jurisdiction, which can be satisfied through *prima facie* showing. *See High Tech Pet Prods., Inc. v. Juxin Pet Prod. Co.*, 2013 WL 1281619, *4 (E.D. Cal. Mar. 27, 2013). "To establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility, but rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as

---

[2] In its response to the Court's Order to Show Cause, Plaintiff alleges that the amount of money for which Plaintiff might be liable to Sykes for because of Defendant's nonparticipation could range anywhere from $1,000,000 to $4,362,090.34. Docket No. 27 at 2-3. The Court expresses no opinion on the merits or value of the underlying state litigation; however, the Court finds this showing sufficient to satisfy the amount in controversy requirement of diversity jurisdiction under 28 U.S.C. § 1332.

they can otherwise obtain." *Heirdorn v. BBD Marketing & Mgmt. Co.*, 2013 WL 6571629, *7 (N.D. Cal. Aug. 19, 2013). Although the Court must generally accept as true factual allegations in the complaint, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Here, Defendant is a revoked Nevada Limited Liability Company, the subject of the underlying litigation involves business that occurred in the State of Nevada, and the underlying litigation is being carried out in the Nevada courts. The Court therefore finds that Plaintiff has demonstrated that personal jurisdiction exists.

## III. Default Judgment

Obtaining a default judgment is a two-step process set forth by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of a default, a court may enter a default judgment. Fed. R. Civ. P. 55(b). When the party seeking a default judgment is not seeking a certain sum of money, the party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A defendant's default alone does not entitle the movant to a court-ordered judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see also PepsiCo., Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The choice of whether to enter a default judgment lies within the discretion of the Court. *Aldabe*, 616 F.2d at 1092. In determining whether a default judgment is appropriate, the Court considers the seven factors set forth in *Eitel v. McCool*.

The Court must consider: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. In evaluating these factors, The Court will take as true all the factual allegations

in the complaint, except those relating to damages. *See e.g., TeleVideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).

As discussed below, the Court finds that the *Eitel* factors weigh in Plaintiff's favor.

1. The possibility of prejudice to the Plaintiff

The first *Eitel* factor weighs in favor of granting default judgment. Defendant's failure to respond to Plaintiff's complaint or otherwise appear in this matter has prejudiced Plaintiff's ability to pursue its claim on the merits. *See e.g., Bank of Am., N.A. v. Terraces At Rose Lake Homeowners Ass'n*, 2018 WL 4778033, at *4 (D. Nev. Oct. 2m, 2018) (vacated on other grounds); *Tropicana Ent., Inc. v. N3A Mfg., Inc.*, 2018 WL 2088871 (D. Nev. May 3, 2018). If default judgment is not granted, Plaintiff would have no other recourse for recovery and would be required to continue to indemnify and defend Defendant in the underlying state court action. Plaintiff would be potentially liable for at least $1,000,000 in indemnification costs. Further, Plaintiff would be required to continue to pay significant legal fees throughout the remainder of the state court litigation. There is sufficient indicia that Plaintiff would be prejudiced absent an entry of default judgment in this matter.

2. The merits of the claims and the sufficiency of the complaint

The second and third *Eitel* factors look at the underlying claims being raised by the party seeking default and whether the plaintiff "state[s] a claim on which the plaintiff can recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. The underlying issue at the heart of this declaratory judgment action is a dispute about the satisfaction of a condition precedent in an insurance contract. Failure to abide by this condition precedent allows an insurance provider to disclaim coverage under Nevada law. *See e.g., Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F.Supp.3d 1176, 1183-84 (D. Nev. 2015; *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009). Plaintiff seeks declaratory judgment pursuant to the Declaratory Judgment Act. 28 U.S.C. §2201. Since the Court has jurisdiction over the state contract law claim pursuant to the Court's diversity jurisdiction, this additional remedy is available to Plaintiff.

Plaintiff specifically seeks a declaration that Defendant is no longer covered by the insurance policy. Docket No. 1 at 4. In support of this, Plaintiff alleges Defendant's failure to satisfy the participation condition. Docket No. 1 at 4. Plaintiff specifically asserts that Defendant both failed and refused to comply with its duty to cooperate with Plaintiff in the investigation and defense of the underlying claim. *Id.* at 3. Plaintiff demonstrates that Defendant's counsel withdrew on multiple occasions because of Defendant's non-cooperation in its own representation in the underlying litigation. Docket No. 25-2, 25-3. Plaintiff also provides information about the underlying litigation in the Nevada Supreme Court where that Court noted that Defendant was not participating in its own defense. *Atlantic Specialty Ins. Co. v. The Eighth Judicial Dist. Ct.*, Case No. 81418, Order Granting Petition (Nev. Sup. Ct. Mar. 26, 2021); *see* Docket No. 1-3.

The Court is required to accept the factual allegations set forth in the complaint as true upon the entry of default. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1986). The Court finds that these initial allegations and the further information provided in the application for default judgment support a finding that Plaintiff has sufficiently plead a meritorious claim in its complaint. Thus, the second and third *Eitel* factors weigh in favor of granting a default judgment for Plaintiff.

    3.  The amount of money at stake

The fourth *Eitel* factor weighs in favor of granting a default judgment. Plaintiff seeks declaratory relief from the policy requiring Plaintiff to defend the state court action on behalf of Defendant. Docket No. 1 at 5. Plaintiff is not seeking monetary damages, which supports default judgment. *See Bank of Am., N.A. v. Giavanna Homeowners Ass'n*, 2020 WL 3100826, at *3 (D. Nev. June 11, 2020); *Deutsche Bank Nat'l Trust Co. v. SFR Invs. Pool 1, LLC,* 2020 U.S. Dist. LEXIS 254560, at *4 (D. Nev. Feb. 20, 2020).

    4.  The possibility of a dispute concerning material facts

The fifth *Eitel* factor weighs in favor of granting default judgment. The Court finds that the complaint states plausible claims under *Iqbal*, which are supported by the record. Failing to respond to a pleading is treated as an admission of the contents of that pleading under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(b)(6). Since Defendant failed to respond to Plaintiff's

6

complaint, no dispute exists as to any of the material facts set forth in Plaintiff's complaint. Defendant is deemed to have admitted all the facts and the Court is required to take all well pleaded facts in the complaint as true after the entry of default. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1986).

### 5. Whether default was due to excusable neglect

The sixth *Eitel* factor weighs in favor of granting a default judgment for Plaintiff. The factor favors entry of default judgment when Defendant has been properly served or Plaintiff shows that Defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Plaintiff effectuated service on Defendant's registered agent on July 10, 2021. *See* Docket No. 19, 21. Defendant has yet to file a responsive pleading or appear in this case in any manner. *See* Docket. Defendant has not sought an extension or provided the Court with any reason to believe that excusable neglect exists for this failure to interact with the ongoing litigation. Further, Defendant has failed to participate in the underlying litigation, *see* Docket No. 1-4. The Court finds that this pattern of non-participation without justification demonstrates that excusable neglect for default does not exist.

### 6. The strong public policy favoring decisions on the merits

The seventh *Eitel* factor also weighs in favor of entering default judgment on behalf of Plaintiff. There is a strong preference against default judgment and "cases should be decided on the merits wherever reasonably possible." *Eitel*, 782 F.2d at 1472. The Court notes the difficulty in deciding a case on the merits when one party wholly fails to participate or even acknowledge the litigation. There can be no meaningful adjudication on the underlying facts and their application to the case at hand. In absence of participation by Defendant, it would be virtually impossible to properly decide this case on the merits.

. . . .

. . . .

. . . .

. . . .

. . . .

## IV. Conclusion

Accordingly, for the reasons stated above, the Court **RECOMMENDS** that Plaintiff's motion for entry of default judgment be **GRANTED**. Docket No. 25.

IT IS SO ORDERED.

Dated: September 9, 2021

                                              _____
                                              Nancy J. Koppe
                                              United States Magistrate Judge