Justin S. Hepworth, Esq.
Nevada Bar No. 10080
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702.805-0290
Facsimile:  702.805-0291
Email: jhepworth@efstriallaw.com

*Attorneys for Plaintiff Atlantic Specialty Insurance Company*

## UNITED STATES DISTRICT COURT

## LAS VEGAS, NEVADA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, a foreign company,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL PANDA ENTERTAINMENT, LLC, a domestic limited liability company,<br>　　　　　　　　Defendant. | Case No. 2:21-cv-01033-GMN-NJK<br><br>**PLAINTIFF ATLANTIC SPECIALTY INSURANCE COMPANY'S [PROPOSED] DECLARATORY JUDGMENT** |

　　　　This action having come before the Court for consideration and an Order having already been entered granting Plaintiff's Motion for Default Judgment, the Court accepts the following factual allegations in the Complaint as true[1] and makes the following conclusions of law:

**FACTUAL ALLEGATIONS ACCEPTED AS TRUE:**

　　　　1.　　On or about June 8, 2016, Christopher Scott Sykes ("Claimant") filed an Amended Complaint and Demand for Jury Trial ("Underlying Complaint") against Global Panda Entertainment, LLC ("Global Panda") and others. *See* Compl. for Dec. Relief [Dkt. No. 1] at ¶ 6.

　　　　2.　　The Underlying Complaint generally alleges the following: (a) on or about July 1, 2014, Claimant was attending a Global Panda show when he was struck in his forehead by and

---

[1] The Court is required to accept the factual allegations in the Complaint as true after the entry of default. *See Televideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917-918 (9th Cir. 1987) (per curium).

unknown object; and (b) as a result of being struck in the head by this unknown object, Claimant has suffered serious injuries. *See id.* at ¶ 7.

3. Global Panda tendered the Underlying Complaint to Atlantic Specialty Insurance Company ("Atlantic Specialty") for defense and indemnification (the "Claim") under Commercial General Liability Policy No. 710034033001 ("Policy") issued to named insured Global Panda with effective dates of March 15, 2004, to March 15, 2015. *See id.* at ¶ 9.

4. Subject to the Policy's terms, conditions, limitations and exclusions, Atlantic Specialty accepted coverage for the Claim up to the liability limits and hired counsel to defend Global Panda against the claims asserted in the Underlying Complaint. *See id.* at ¶ 11.

5. The Policy contains provision requiring Global Panda to cooperate in the investigation, settlement or defense of the Underlying Complaint. *See id.* at ¶ 12.

6. Global Panda has failed and/or refused to comply with its duty under the Policy to cooperate in the investigation, settlement or defense against the Underlying Complaint as evidenced (but not limited to) the following:

   a. Failing and/or refusing to provide Atlantic Specialty or retained counsel with an appropriate point of contact for Global Panda;

   b. Failing and/or refusing to communicate with Atlantic Specialty or retained defense counsel in connection with the Claim and the defense against the Underlying Complaint;

   c. Failing and/or refusing to assist Atlantic Specialty or retained counsel with the preparation of responses to written discovery requests directed to Global Panda; and

   d. Failing and/or refusing to make available witnesses for deposition.

*See id.* at ¶ 14.

7. The Nevada Supreme Court has held there is evidence in the underlying litigation that Global Panda was not participating in its own defense:

> Third, the district court found that Atlantic [Specialty] failed to present evidence showing that Global Panda was not participating in its own defense. This finding was contrary to evidence in the record because affidavits show that Global Panda was not participating in its own defense. . . .

*Atlantic Specialty Ins. Co. v. Eighth Judicial Dist. Ct.*, Case No. 81418, Order Granting Petition (Nev. Sup. Ct. Mar. 26, 2021); *see also* Comp. for Dec. Relief at ¶ 15.

8. Global Panda's failure and/or refusal to comply with its duty to cooperate has substantially prejudiced Atlantic Specialty's rights under the Policy including (but not limited to) the right to control the defense against the Underlying Complaint and to assert relevant defenses with respect to liability and damages. *See id.* at ¶ 16.

**CONCLUSIONS OF LAW:**

1. This Court has already determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00). *See* Order (10/6/21) [Dkt. No. 29] (adopting Magistrate Judge Koppe's Report and Recommendation which finds the Court has diversity jurisdiction).

2. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b).

3. This Court is permitted to adjudicate a party's rights and other legal relations in an actual controversy pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act.

4. This Court has already granted Atlantic Specialty's Application for Default Judgment. *See* Order (10/6/21) [Dkt. No. 29].

5. Because of Global Panda's failure and/or refusal to comply with its duty to cooperate under the Policy, Atlantic Specialty is entitled to disclaim coverage for the Claim made by Global Panda in connection with the Underlying Complaint. *See, e.g.*, *Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F.Supp.3d 1176, 1183-1184 (D. Nev. 2015); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009).

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS HEREBY ORDERED AND ADJUDGED:**

That a declaratory judgment is entered in favor of Atlantic Specialty and against Defendant Global Panda, declaring that Atlantic Specialty is not obligated under the Policy to defend or indemnify Global Panda against the claims asserted by Claimant including those alleged in the Underlying Complaint.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

Dated this 27 day of October, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

Prepared and Submitted by:
EVANS FEARS & SCHUTTERT LLP

By: /s/ Justin S. Hepworth
    Justin S. Hepworth (SBN #10080)
    6720 Via Austi Parkway, Suite 300
    Las Vegas, Nevada 89119
    *Attorneys for Plaintiff Atlantic Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF ATLANTIC SPECIALTY INSURANCE COMPANY'S [PROPOSED] DECLARATORY JUDGMENT** was served on counsel of record this 12th day of October using the Court's CM/ECF System.

*/s/ Faith Radford*
An Employee of Evans Fears & Schuttert LLP